**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FRANK GAINER**,

Plaintiff,

v.

**GEORGE L. RUSSELL, III, *et al.*,**

Defendants,

Civil Action No. 25-cv-03263 (TSC)

**MEMORANDUM OPINION**

Plaintiff Frank Gainer, proceeding *pro se*, sues a number of judicial officers and court staff at the U.S. District Court for the District of Maryland, including Judge George L. Russell, III, Judge Adam B. Abelson, the Clerk of Court, other clerk's office and case administration personnel, as well as "unknown court officials." Compl. at 1, ECF No. 1. Across his numerous submissions to this court, Plaintiff raises various constitutional claims in connection with Defendants' purported mishandling of a civil case Plaintiff filed in that district. *See* Compl. at 1–6; Mem. P. & A. Supp. Jurisdiction ("Pl.'s Mem.") at 2–3, ECF No. 1-1; Suppl. Mem. Supp. Compl. ("Pl.'s Suppl. Mem.") at 4–5, ECF No. 4. Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). *See* Defs.' Mot. to Dismiss ("Defs.' Mot.") at 2–12, ECF No. 18. For the reasons below, the court will GRANT Defendants' motion.

## I. BACKGROUND

On June 5, 2025, Plaintiff filed a civil action in the District of Maryland, alleging that a private citizen conspired with several state and local agencies and officials to evict him from his

property. *See Gainer v. Maryland*, No. 25-cv-1782, 2025 WL 4661176, at *1 (D. Md. Sept. 4, 2025).[1] The court dismissed Plaintiff's complaint for failure to state a claim and closed the case on September 4, 2025. *Id.* at *1–2. Plaintiff moved for reconsideration under Rule 60(b), which the court denied, *see Gainer v. Maryland*, No. 25-cv-1782, 2026 WL 171706, at *4 (D. Md. Jan. 22, 2026), and petitioned for a writ of mandamus to the Fourth Circuit, *see In re Gainer*, No. 25-2398, 2025 WL 3772083, at *1 (4th Cir. Dec. 31, 2025). In his petition, Plaintiff alleged that the district court "improperly failed to issue summonses in the underlying civil case and unduly delayed in ruling on various postjudgment motions." *Id.* The Fourth Circuit denied Plaintiff's petition on December 31, 2025. *Id.*

Dissatisfied with the Maryland district court's decision, Plaintiff filed this action on September 18, 2025, collaterally attacking the Maryland court's dismissal, Compl. at 3–4 (Plaintiff's "Rebuttal to Memorandum Opinion"), and asserting that the Clerk's Office failed to issue summonses, misclassified the case as in forma pauperis, and failed to timely and impartially act on various filings and requests, *id.* at 2. Since that time, Plaintiff has also submitted a number of supplemental memoranda in support of his Complaint, *see* Pl.'s Mem.; Pl.'s Suppl. Mem., as well as numerous other motions seeking expedited review and injunctive relief, *see, e.g.*, ECF Nos. 9, 24, 25, 32. Plaintiff requests "liquidated damages" in accordance with his proposed fee schedule, Compl. at 3–4; *see also* Pl.'s Mem. at 4; Pl.'s Suppl. Mem. at 5–6, and various forms of relief related to his Maryland case, including "docket correction," "[i]ssuance of summons," investigation into the "Clerk's procedural misconduct," "[v]acatur of Judge Abelson's

[1] Although a court must presume all factual allegations contained in a complaint are true for the purpose of resolving a motion to dismiss, *see Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[t]he court may take judicial notice of public records from other court proceedings," *Lewis v. DEA*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

Memorandum Opinion and dismissal order," and "[s]anctions against responsible officials for constitutional violations," Compl. at 5; *see also* Pl.'s Mem. at 4; Pl.'s Suppl. Mem. at 6.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, *see Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction," unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences.'" *Am. Nat'l Ins. Co.*, 642 F.3d at 1139 (cleaned up). But "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). Moreover, "a pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *James v. United States*, 48 F. Supp. 3d 58, 63 (D.D.C. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). "[E]ven a pro se plaintiff must meet his burdens of proving subject matter jurisdiction and stating a claim for relief." *James*, 48 F. Supp. 3d at 63.

## III. ANALYSIS

The court agrees with Defendants that judicial immunity bars Plaintiff's claims for money damages against them. Defs.' Mot. at 5–7. In general, judges are absolutely immune "from suits

for money damages for all actions taken in [their] judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). This immunity extends to court clerks and other staff for "performance of tasks that are an integral part of the judicial process." *Id.* at 1460; *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" (citation omitted)). Here, each of Plaintiff's allegations across his pleadings describe judicial acts undertaken in the course of Defendants' official duties. *See* Compl. at 2–6; Pl.'s Mem at 2–3; Pl.'s Suppl. Mem. at 4–6. Thus, to the extent Plaintiff seeks monetary relief from Defendants, his claims are barred by judicial immunity.

Plaintiff's arguments to the contrary plainly lack merit. First, Plaintiff asserts that the challenged actions—alleged refusals to issue summonses, misclassifications of his in forma pauperis status, failures to docket and process certain filings—were "taken in clear absence of jurisdiction." Pl.'s Opp'n at 4, ECF No. 20. But as Defendants point out, these acts (or omissions) constitute "at most procedural errors," not "jurisdictional preconditions." Defs.' Reply at 2–3, ECF No. 21. And judicial immunity applies even if the action "was in error, was done maliciously, or was in excess of [the judge's] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff next claims that Defendants' purported *refusal* to perform required ministerial tasks is not a "judicial act" subject to immunity. Pl.'s Opp'n at 4. Not so. The fact that Plaintiff challenges Defendants' omissions, as opposed to affirmative actions, makes no difference in the context of judicial immunity. *See Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (holding that a "deputy clerk's alleged refusal to file documents [the] plaintiff submitted" was an action "quintessentially judicial in nature because [it was] an integral part of the judicial process" (cleaned up)); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (characterizing a clerk's "refusal to

file certain court submissions" as an "integral part of the judicial process" warranting absolute immunity from suit (citation omitted)), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). It is equally immaterial that Defendants' challenged conduct was allegedly required. *See Sindram*, 986 F.2d at 1461 ("Whether an act is judicial in character does not depend on whether it is discretionary." (cleaned up)).

Moreover, to the extent Plaintiff seeks declaratory and injunctive relief in the form of "[i]mmediate docket correction," "[i]ssuance of summons[es]," "[v]acatur of Judge Abelson's Memorandum Opinion and dismissal order," and "[s]anctions against responsible officials," Compl. at 5, "this is not the appropriate avenue to seek such relief," *Thomas*, 61 F. Supp. 3d at 20. It is well established that federal district courts "lack[] jurisdiction to review decisions of other federal courts." *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (per curiam) (cleaned up); *see also United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (federal district courts generally lack "appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013) ("Declaratory relief against a judge for final actions taken within his or her judicial capacity is instead available by way of a direct appeal of the judge's order."). Relatedly, district courts may not compel other judges "to adjudicate [a plaintiff's] filings" or order their clerks "to file and docket" a party's submissions. *Patterson v. Harris*, No. 19-cv-897, 2019 WL 4988071, at *4 (D.D.C. Oct. 8, 2019). Nor can they "take disciplinary action against other federal judges." *Visconti v. Burghardt*, No. 23-cv-3145, 2024 WL 3091139, at *3 (D.D.C. June 22, 2024) (quoting *Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013)).

In his Opposition, Plaintiff attempts to recharacterize his claims as "independent federal constitutional claims against federal officers" and recast this case as "an original civil-rights

action," Pl.'s Opp'n at 5, but such efforts are unavailing. The bases for Plaintiff's challenges still arise out of "decisions made in separate legal proceedings by other district court judges [and court staff]," *Klayman*, 49 F.4th at 553, and Plaintiff plainly asks this court to review those decisions and overturn them, *see* Compl. at 5; Pl.'s Mem. at 4; Pl.'s Suppl. Mem. at 6. As such, this court lacks jurisdiction to order the injunctive and declaratory relief that Plaintiff seeks.

## IV. CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' Motion to Dismiss and DENY Plaintiff's remaining pending motions, ECF Nos. 9, 15, 24, 25, 31, 32, as moot. A separate order will follow.

Date: August 31, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge